# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-40840
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

June 4, 2025

Lyle W. Cayce
Clerk

Cody Dewayne Fortman,

*Plaintiff—Appellant*,

*versus*

Gregg County Sheriff's Office; Kevin Hoover, *Deputy/
Supervisor, Gregg County Sheriff's Office*; Devon Fuller, *Corporal/
Supervisor, Gregg County Sheriff's Office*; Kyle Carmichael, *Deputy/
Supervisor, Gregg County Sheriff's Office*,

*Defendants—Appellees*.

————————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:24-CV-236

————————————————————————

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Cody Dewayne Fortman, Texas prisoner # 02524970, moves for leave
to proceed in forma pauperis (IFP) in this appeal of the district court's sua
sponte dismissal of his complaint as frivolous and for failure to state a claim

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

and the denial of his constructive motion for reconsideration under Federal Rule of Civil Procedure 59(e). The motion is a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Fortman fails to address the district court's reasons for the dismissal of his complaint. Pro se briefs are afforded liberal construction. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Fortman has failed to meaningfully challenge any factual or legal aspect of the district court's disposition of his claims and dismissal of his complaint, he has abandoned the critical issue of his appeal. *See id.* Thus, the appeal lacks arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Fortman's complaint as frivolous and for failure to state a claim and this court's dismissal of this appeal as frivolous count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Fortman is WARNED that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).